**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0393-22

LEWTON BILLS and JENELE
JONES, his spouse,

     Plaintiffs-Respondents,

v.

MOHAMAD HANAFY,

     Defendant-Respondent,

and

HEBATALLA HANAFY,

     Defendant,

and

AHMED ELGOHARY,

     Defendant-Appellant.

_____

Argued February 6, 2024 – Decided March 12, 2024

Before Judges Whipple, Enright and Paganelli.

On appeal from the Superior Court of New Jersey, Law Division, Bergen County, Docket No. L-7635-19.

John J. Clark, IV, argued the cause for appellant (Schumann Hanlon Margulies, LLC, attorneys; John J. Clark, IV, on the briefs).

Grace Elizabeth Robol argued the cause for respondent Lewton Bills (Davis, Saperstein & Salomon, PC, attorneys; Grace Elizabeth Robol, on the brief).

PER CURIAM

This is an appeal from an order of judgment after a three-day jury trial resulting from injuries plaintiff Lewton Bills sustained from a dog bite. We affirm.

On October 27, 2018, plaintiff, a Verizon service technician, made a service call to a home where defendants Mohamad and Hebatalla Hanafy lived. Defendant Ahmed Elgohary and his two German Shepherds also lived in the residence. Plaintiff asked whether the dogs were secured, entering only after he was assured they were. He then entered and left the house at least twice, before leaving to carry his tools to his vehicle. Upon re-entering the property to test the connection, plaintiff was bitten by one of the dogs that was previously secured and suffered significant injuries requiring medical attention.

Plaintiff and his wife, Jenele Jones,[1] sued the Hanafys and Elgohary. Plaintiffs served discovery demands on the Hanafys and Elgohary. Elgohary did not respond, asserting he never received the demand. On November 3, 2021, plaintiffs moved for summary judgment, and defendants cross-moved. The trial court granted summary judgment only in favor of Mohamad Hanafy. A three-day trial followed in August 2022.

During trial, plaintiff Bills and all three defendants testified. Plaintiff testified he was moving a modem from one part of the house to another, which required conducting a wire run. He knew there were dogs in the house. At one point, plaintiff left the house to put his tools back into his truck and was returning to test the internet connection when he was bitten.

Mohamad Hanafy testified that, when plaintiff completed the job and the internet was working, he walked plaintiff out of the house. He also testified the dogs had been released after plaintiff told him the job was complete. Afterwards, plaintiff came back into the home by himself without ringing the bell. Mr. Hanafy testified there was no paperwork for him to sign, and he was never asked to sign anything with relation to the job.

---

[1] Ms. Jones pleaded a loss of consortium claim.

A-0393-22

On the second day of trial, before the close of plaintiffs' case in chief, defendant Hebatalla Hanafy produced an automated email sent from "pldonotreply@verizon.com," dated October 27, 2018, at 3:26:31 p.m., Eastern time. The email contained the statement, "Your Verizon repair request, ticket #NJDQ0BQPP8 has been resolved." The email had been in defendant Hebatalla Hanafy's possession for almost four years and had not been produced during discovery. The first mention of the email was after plaintiffs presented their case at trial. The trial judge barred the documentation as prejudicial because it was only supplied during the trial. Defense counsel subsequently requested the judge rule on whether he would be allowed to question a defense witness regarding receipt of any notification from Verizon indicating the service job was complete. The trial judge barred that line of questioning, finding defendants were trying to circumvent unmet obligations in discovery by introducing the document through testimony, while not producing the document itself.

Elgohary testified he checked the internet, and—after plaintiff grabbed his tools and left the house—he released the dogs from the room where they had been kept.

4

At the conclusion of testimony, plaintiffs moved for a limited directed verdict to find Elgohary was the owner of the dog that attacked him. The trial judge granted the motion. As no evidence of the animal's vicious propensity had been adduced at trial, a directed verdict was also entered in favor of Hebatalla, and she was effectively dismissed from the case. The jury then returned a verdict finding for plaintiff and against Elgohary. This appeal followed.

On appeal, Elgohary asserts a new trial is required. He argues he was unfairly prejudiced when the court barred presentation of the Verizon email, and he characterizes this ruling as an unwarranted discovery sanction. Elgohary also argues the trial court erred by entering a directed verdict on the issue of liability and by failing to charge the jury on the issue of contributory negligence, averring plaintiff was a trespasser when the harm occurred.

"[W]e apply an abuse of discretion standard to decisions made by our trial courts relating to matters of discovery." Pomerantz Paper Corp. v. New Cmty. Corp., 207 N.J. 344, 371 (2011). We defer to "a trial court's disposition of discovery matters unless the court has abused its discretion[,] or its determination is based on a mistaken understanding of the applicable law."

A-0393-22

Rivers v. LSC P'ship, 378 N.J. Super. 68, 80 (App. Div. 2005) (citing Payton v. N.J. Tpk. Auth., 148 N.J. 524, 559 (1997)).

Rule 4:17-7 governs answer to interrogatories, and it provides:

> [I]f a party who has furnished answers to interrogatories thereafter obtains information that renders such answers incomplete or inaccurate, amended answers shall be served not later than [twenty] days prior to the end of the discovery period . . . . Amendments may be allowed thereafter only if the party seeking to amend certifies therein that the information requiring the amendment was not reasonably available or discoverable by the exercise of due diligence prior to the discovery date.
>
> [R. 4:17-7.]

Trial courts have broad discretion with regard to discovery issues and can suspend discovery sanctions when: (1) there exists no "design to mislead or conceal"; (2) there is an "absence of the element of surprise"; and (3) no prejudice would result "from the admission of the evidence." Branch v. Emery Transp. Co., 53 N.J. Super. 367, 376 (App. Div. 1958). Whether a trial court resolves the issue by adjourning or declaring a mistrial is also up to their discretion and, unless the court's decision to exclude would create "a manifest denial of justice, the decision on exclusion must stand." Thomas v. Toys R Us, Inc., 282 N.J. Super. 569, 582 (App. Div. 1995).

Elgohary contends he was never served with any demand for production of documents and, when the Hanafys were served and answers were provided, Elgohary was not a party to the lawsuit. He also argues, because the Hanafys were not instructed via the interrogatories to perform a search for email communications, they cannot be charged with the obligation to produce said document.

Plaintiffs' interrogatories instructed the Hanafys to "identify all documents that may relate to this action and attach copies of each such document." The email that stated the repair request ticket had been resolved—the timing of which was at the heart of this appeal—showed it was received by Hebatalla Hanafy on October 27, 2018, at 3:26:31 p.m., Eastern time. The email was always accessible and available to defendants, and they failed to produce it as a related document during the discovery process. Its absence in no way renders it "not reasonably available or discoverable by the exercise of due diligence prior to the discovery end date," as outlined in Rule 4:17-7. Thus, this email does not now fall under the described amendment exception and "shall be disregarded by the court and adverse parties." R. 4:17-7.

Moreover, Elgohary was sent interrogatories and document production requests in April 2021. He failed to respond to the discovery demands.

7

Elgohary asserts he was never served with such demand for production, and plaintiff never provided a signed acknowledgement of service. Elgohary did not raise lack of service during the trial, however, instead argued the demand was not specific enough.

Additionally, Elgohary contends, even if the Hanafys committed a discovery violation for failing to produce the email during discovery, it was not in his possession, custody, or control. Therefore, according to Elgohary, he had no obligation to produce said email, and he should not have been barred from using it at trial to show Bills was no longer a business invitee when he was injured. Elgohary asserts the trial court suppressed the "smoking gun" that would have afforded him his only opportunity to effectively rebut Bills's strict liability claim and, therefore, produced manifest injustice.

We reject the assertion that these arguments require us to reverse the trial court and permit the use of the email. First, the email was presented during trial and would have prejudiced plaintiffs. See Branch, 53 N.J. Super. at 376. Additionally, the email is also not as central as Elgohary argues. It was time stamped an hour after Bills arrived at the hospital and only referenced the closure of the service ticket. Nothing in the record shows when such emails were generated—whether it was when the job was done, when the

8

internet was back up, or at some other time after the computer system processed the job. Moreover, during testimony, Mohamad testified the dogs were released because he believed the job was finished. Bills testified that, at the time of the attack, he had not finished the job. Whether or not he was trespassing was, therefore, a question for the jury. The jury returned a verdict for Bills, which "should not be overthrown except upon the basis of a carefully reasoned and factually supported (and articulated) determination . . . that the continued viability of the judgment would constitute a manifest denial of justice." Baxter v. Fairmont Food Co., 74 N.J. 588, 597-98 (1977).

Any remaining arguments raised by the parties are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0393-22